**Opinion issued October 18, 2012**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00528-CR

## NO. 01-12-00714-CR

————————————

**TYRONE DAVIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1245051 & 1245052**

---

## MEMORANDUM OPINION

Appellant, Tyrone Davis, pleaded guilty to the felony offense of indecency

with a child by contact[1] in trial court cause 1245052 and the felony offense of

---

[1]    *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011).

aggravated sexual assault of a child[2] in trial court cause 1245051. The trial court found appellant guilty of each charge and, in accordance with the terms of appellant's plea agreement with the State, sentenced appellant to confinement for ten years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a *pro se* notice of appeal. We dismiss the appeals.

In a plea-bargained case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certifications are included in the records on appeal. *See id*. The trial court's certifications state that these are plea-bargained cases and the defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The records support the trial court's certifications. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss these appeals. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must

---

[2]   *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(ii), (a)(2)(B) (West Supp. 2012).

2

dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss these appeals for want of jurisdiction. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Massengale, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).